02-12-265-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00265-CR

 

 


 
 
 Daryn Wayne Darland
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 97th
District Court OF Montague COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Daryn Wayne Darland attempts to appeal from the trial court’s May 2012 judgment
convicting him of possessing less than one gram of a “Penalty Group 1” controlled
substance in a drug-free zone.[2]  The judgment reflects
that appellant committed the offense in January 2011 and, pursuant to a plea
bargain, received five years’ confinement as his punishment.  In a “Guilty Plea
Memorandum” that appellant signed in conjunction with his plea, he received
admonishments, waived constitutional and statutory rights, judicially
confessed, and waived any right to appeal.  The trial judge, appellant, and
appellant’s counsel all signed a certification of appellant’s right of appeal
that stated that appellant had entered into a plea bargain and had “NO right of
appeal.”

          Nonetheless,
in June 2012, appellant filed a notice of appeal.  Later in June, we sent a
letter to appellant to inform him that we could dismiss his appeal unless we
received a response showing grounds for continuing the appeal.  We have not
received a response.  Therefore, in accordance with the trial court’s
certification, we dismiss this appeal.  See Tex. R. App. P. 25.2(d) (“The
appeal must be dismissed if a certification that shows the defendant has the
right of appeal has not been made part of the record under these rules.”),
43.2(f); Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 23, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. § 481.115(a), (b) (West 2010), § 481.134(d) (West Supp.
2012).